IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LAURA ELIZABETH WILSON "BETH" | § |
| TIDWELL and | § |
| RYAN TIDWELL as next friend of M.F.T., | § |
| minor child, and | § |
| LORA LYNNE LOGUE, | § |
|               Plaintiffs, | § |
| VS. | § |
| | § |
| PATRICK PAQUETTE, Individually, and | § |
| as  a Police Officer with the City of Wadley, | § |
| Georgia, Police Department; | § |
| B. ALAN LOGUE, JR, Individually, | § |
| and as a Deputy Sheriff with the Jefferson | § |
| County Sheriff's Department; | § |
| BRUCE A. LOGUE, SR., Individually, | § |
| and as Fire Chief of the Jefferson | § |
| County Sheriff's Department; | § |
| CHARLES GIBBONS, Individually, | § |
| and as a Deputy Sheriff with the Jefferson | § |
| County Sheriff's Department; | § |
| JASON SHEALY, Individually, and | § |
| as  a Police Officer with the City of Wadley, | § |
| Georgia, Police Department; | § |
| GARY HUTCHINS, Individually, and | § |
| as the Sheriff of the Jefferson County | § |
| Sheriff's Department; and | § |
| WESLEY LEWIS, Individually, and | § |
| as a Chief of Police of the City of Wadley, | § |
| Georgia; | § |
| JOHN DOE, Individually, | § |
| and as a Jailer with the Jefferson | § |
| County Sheriff's Department; | § |
| JEFFERSON COUNTY, GEORGIA; and | § |
| THE CITY OF WADLEY, GEORGIA; | § |
|               Defendants. | § |

FILE NO. _____

## COMPLAINT FOR DAMAGES

COME NOW the Plaintiffs, LAURA ELIZABETH WILSON "BETH" TIDWELL

(hereinafter "Plaintiff Beth Tidwell") and RYAN TIDWELL, as parent and next friend of

minor child M.F.T. (hereinafter "Plaintiff M.F.T.") and LORA LYNNE LOGUE

(hereinafter "Plaintiff Lora Logue") and state their claims for relief against these Defendants

as follows:

1.

This is an action against Defendant Jefferson County, Georgia, the City of Wadley, Georgia and the other individual Defendants, all of whom are or were formerly elected officials, representatives, law enforcement officers, agents or employees of Jefferson County, Georgia or the City of Wadley, Georgia, for violations of constitutional rights, for violations of Georgia law and for violations of common law duties owed. Plaintiffs allege that Defendants violated their constitutional rights by their intentional acts and deliberate indifference arising out of their pursuit, arrest and incarceration of Plaintiffs Lora Logue and Beth Tidwell and other conduct relating to an incident of September 14, 2009. These Defendants acquiesced in the unlawful conduct of the Defendants, elected officials, law enforcement personnel, representatives and employees of Jefferson County, Georgia and the City of Wadley, Georgia and failed to properly train representatives of Jefferson County, Georgia and the City of Wadley, Georgia in proper law enforcement conduct. Plaintiffs further claim that Defendants have condoned a custom and practice of conduct that encouraged the abuse of authority by elected officials, law enforcement personnel, representatives and employees of Jefferson County, Georgia and the City of Wadley, Georgia, including but not necessarily limited to, the other Defendants in this action.

2.

This is a lawsuit arising out of incidents occurring September 14, 2009, and into September 15, 2009, which include, but are not limited to, the pursuit, seizure, arrest, incarceration and abuse of Plaintiffs Lora Logue and Beth Tidwell, and the terrorizing of the minor child M.F.T. who witnessed many of the unlawful and unnecessary acts involved in the pursuit, arrest, and abuse of Plaintiffs Lora Logue and Beth Tidwell, mother of the minor child M.F.T., and the acts and failures to act of the named Defendants, as set out in this Complaint, including, without limitation, the conduct of Defendants. This action is brought pursuant to 42 U.S.C. §1981, 42 U.S.C. §1983 and 42 U.S.C. §1985, for violations of the civil rights of the Plaintiffs. This action for constitutional deprivations and for the violations by these Defendants

of duties owing the Plaintiffs is also brought under the Constitution and laws of Georgia and the common law of Georgia.

3.

On account of the facts set forth herein, jurisdiction and venue are proper in this Court.

4.

Plaintiffs Beth Tidwell and M.F.T. are now citizens of the State of South Carolina but were citizens of Hephzibah, Georgia, at the time of the incidents described herein, and Plaintiff Lora Logue is a resident of the State of South Carolina but was a citizen of Wadley, Georgia at the time of the incidents described herein.

5.

At all times stated herein, Wesley Lewis (hereinafter "Defendant Lewis") was the Police Chief for the City of Wadley, Georgia. As Police Chief, Defendant Lewis was the chief policymaker and person in charge of hiring and training officers and making policies and procedures for the Wadley Police Department and, on account of the facts set forth herein, said Defendant is subject to the jurisdiction and venue of this Court. Defendant Lewis may be served at the Wadley Police Department, 22 North Main Street, Wadley, Georgia.

6.

At all times stated herein, Gary Hutchins (hereinafter "Defendant Hutchins") was the Sheriff for Jefferson County. As Sheriff, Defendant Hutchins was the chief policymaker and person in charge of hiring and training officers and making policies and procedures for the Jefferson County Sheriff's Department and, on account of the facts set forth herein, said Defendant is subject to the jurisdiction and venue of this Court. Defendant Hutchins may be served at 415 Green Street, Louisville, Georgia.

7.

At all times stated herein, A. Bruce Logue, Sr. (hereinafter "Defendant Bruce Logue) was the Fire Chief for the City of Wadley, Georgia. As Fire Chief, Defendant Bruce Logue acted

under the authority delegated to him under color of state and local law. Defendant Bruce Logue is a resident of Jefferson County, and on account of the facts set forth herein, said Defendant is subject to the jurisdiction and venue of this Court. He may be served at 534 West Calhoun Street, Wadley, Georgia.

8.

At all times stated herein, Patrick Paquette (hereinafter "Defendant Paquette") was an officer with the City of Wadley Police Department, and said Defendant acted under the authority delegated to him and under color of state and local law. Defendant Pacquette is a resident of Richmond County, Georgia, and, on account of the facts set forth herein, said Defendant is subject to the jurisdiction and venue of this Court. He may be served at the Taliaferro County Sheriff's Department, Monument Square, Crawfordville, Georgia.

9.

At all times stated herein, Alan B. Logue, Jr. (hereinafter "Defendant Alan Logue") was an officer with the Jefferson County Sheriff's Department and a State of Georgia Fire Investigator, and said Defendant acted under the authority delegated to him and under color of state and local law. Defendant Alan Logue is a resident of Jefferson County and, on account of the facts set forth herein, said Defendant is subject to the jurisdiction and venue of this Court. He may be served at 210 Dogwood Drive, Wadley, Georgia.

10.

At all times stated herein, Jason Shealy (hereinafter "Defendant Shealy") was an officer with the City of Wadley Police Department, and said Defendant acted under the authority delegated to him and under color of state and local law. Defendant Shealy is a resident of Jefferson County and, on account of the facts set forth herein, said Defendant is subject to the jurisdiction and venue of this Court. He may be served at 226 South Main Street, Wadley, Georgia or at Wadley Police Department, 22 North Main Street, Wadley, Georgia.

11.

At all times stated herein, Charles Gibbons (hereinafter "Defendant Gibbons") was a deputy sheriff with the Jefferson County Sheriff's Department, and said Defendant acted under the authority delegated to him under color of state and local law. Defendant Gibbons is a resident of Jefferson County, Georgia and, on account of the facts set forth herein, said Defendant is subject to the jurisdiction and venue of this Court. He may be served at Jefferson County Sheriff's Department, 202 East Broad Street, Louisville, Georgia.

12.

Defendant John Doe is an unknown male jailer who improperly and without authority or justification deprived Lora Logue of her rights and invaded her privacy under color of state and local law. At all times stated herein, Defendant John Doe was an employee of the Jefferson County Sheriff's Department, and said Defendant acted under the authority delegated to him under color of state and local law. Once Defendant John Doe is identified, he will be added hereto as a party defendant under proper order of this Court.

13.

Because some of the Defendants reside in Jefferson County, Georgia, jurisdiction and venue are proper in the Augusta Division of the United States District Court for the Southern District of Georgia.

14.

Jurisdiction is proper under 28 USC §§ 1331 and 1343.

15.

At all times stated herein, Jefferson County, Georgia (hereinafter "Jefferson County") has been a political subdivision organized and existing under the law and authority of the State of Georgia. At all times relevant hereto, Jefferson County was exercising governmental functions pursuant to its grant of authority, including the operation of the Jefferson County Sheriff's Department and its various departments. On account of the facts set forth herein, said Defendant

Jefferson County is subject to the jurisdiction and venue of this Court.

16.

At all times stated herein, the City of Wadley, Georgia (hereinafter "Wadley, Georgia") has been a municipality organized and existing under the law and authority of the State of Georgia. At all times relevant hereto, Wadley, Georgia was exercising governmental functions pursuant to its grant of authority, including the operation of the City of Wadley, Georgia police department and its various departments. On account of the facts set forth herein, said Defendant Wadley, Georgia is subject to the jurisdiction and venue of this Court.

17.

At all times stated herein, the individual Defendants Lewis, Hutchins, Alan Logue, Bruce Logue, Paquette, Shealy, Gibbons, and John Doe (hereinafter referred to as "the Individual Defendants") and all other agents, officers, employees and representatives were acting under color of state law, and particularly under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Georgia, Jefferson County or the City of Wadley, Georgia. Further, Defendant Jefferson County was also acting under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Georgia.

18.

Prior to and on September 14, 2009, at all times relevant hereto, Plaintiff Lora Logue was married to Defendant Alan Logue, whose father is Defendant Bruce Logue.

19.

On September 14, 2009, Plaintiffs Lora Logue and Beth Tidwell, along with M.F.T., her minor daughter, were lawfully in Louisville, Jefferson County, Georgia and ate at a Huddle House restaurant, having traveled to Swainsboro, Georgia for the lawful purpose of having the Tidwell's Chevrolet Tahoe automobile left there for repairs.

20.

Upon leaving the restaurant, Plaintiffs rode through Wadley, Georgia, on their return trip

to Plaintiff Tidwell's home.

21.

The Plaintiffs, at no time on September 14, 2009, were within 100 yards of the residence of Defendant Bruce Logue.

22.

The Plaintiffs, at no time on September 14, 2009, were within 100 yards of the marital residence of Defendant Alan Logue and Plaintiff Lora Logue.

23.

The Plaintiffs, at no time on September 14, 2009, were within 100 yards of the minor children of Plaintiff Lora Logue and Defendant Alan Logue.

24.

Plaintiffs Lora Logue and Beth Tidwell and M.F.T. continued on their return trip to the residence of Plaintiff Beth Tidwell, stopping briefly at the "Jet" convenience store in Wadley, Georgia to purchase something for the Plaintiff M.F.T. to drink.

25.

While Plaintiffs were at the Jet store, Defendant Bruce Logue came into the parking lot of the store and circled the store's parking lot, talking on a cell phone.

26.

Shortly thereafter, the Plaintiffs left the parking lot, and Defendant Bruce Logue sped out, following the vehicle in which the Plaintiffs were traveling.

27.

Defendant Bruce Logue continued to closely follow the vehicle in which the Plaintiffs were traveling despite the fact that they were traveling around a block to avoid him.

28.

Stopping at an intersection's stop sign, Plaintiff Lora Logue got out of the vehicle she was driving and walked to the front of the truck Defendant Bruce Logue was operating and in which

he was still talking on a cell phone and asked him why he was following her and if he knew that this was harassment.

29.

Returning to the car she had been driving, Plaintiff Lora Logue, along with Plaintiff Beth Tidwell, decided to drive to the Wadley Police Station in an effort to stop Defendant Bruce Logue from following the Plaintiffs.

30.

Defendant Bruce Logue continued to follow the car in which the Plaintiffs were traveling, and a police cruiser of the City of Wadley pulled alongside Defendant Bruce Logue's truck.

31.

After a short conversation between the police officer (Defendant Shealy) and Defendant Bruce Logue, Defendant Shealy executed a U-turn and activated the lights on the police cruiser beginning an effort to stop the vehicle being driven by Plaintiff Lora Logue.

32.

Defendant Bruce Logue activated lights on his truck also.

33.

Plaintiff Lora Logue pulled the vehicle she was driving over to the side of the roadway in response to the law enforcement lights, and Defendant Shealy pulled his police cruiser in behind her.

34.

Defendant Shealy got out of his vehicle and approached the vehicle in which the Plaintiffs were located and asked Plaintiff Lora Logue where she was going, to which Plaintiff Lora Logue responded: "To the police station because Alan's (Defendant Alan Logue) father is following us and harassing us."

35.

Plaintiff Lora Logue asked why she was being pulled over, and Defendant Shealy said

that he was told to pull over her vehicle for violation of a TPO.

36.

Two more Wadley Police officers, Chris Greiner, followed by Defendant Paquette, arrived shortly thereafter.

37.

Defendant Paquette walked up to the vehicle, grabbed Plaintiff Lora Logue by the arm and pulled on it while instructing her to "get out."

38.

When she was out of the vehicle, Plaintiff Lora Logue was pushed and pulled by Defendant Paquette to the rear of the vehicle she had been driving.

39.

Defendant Paquette used profane language toward Plaintiff Lora Logue.

40.

Defendant Paquette disrespectfully called Plaintiff Lora Logue "Blondie".

41.

Defendant Paquette placed handcuffs on Plaintiff Lora Logue and placed her under arrest without a warrant.

42.

Defendant Paquette pushed Plaintiff Lora Logue into side of the police cruiser, causing her pain.

43.

Plaintiff Lora Logue was placed into the police patrol car by Defendant Paquette.

44.

Plaintiff M.F.T., a small child, was visibly upset by the treatment inflicted upon Plaintiff Lora Logue and was screaming and crying. As a result of the actions and language of the Defendant Paquette, M.F.T. has experienced nightmares, anxiety, and extreme emotional

suffering and damages.

45.

Plaintiff Lora Logue cried out to Plaintiff Beth Tidwell for help, but Plaintiff Beth Tidwell was told by Officer Greiner to remain in the car, a command she obeyed.

46.

Defendant Paquette thereafter told Plaintiff Beth Tidwell to get out of the vehicle and go to the back of the vehicle.

47.

Plaintiff Beth Tidwell got out of the vehicle but remained at the side of the vehicle because M.F.T. was now screaming and crying for the officers not to hurt her mommy and that she wanted her daddy.

48.

Defendant Paquette again ordered Plaintiff Beth Tidwell to the back of the vehicle.

49.

Officer Greiner then intervened and asked Defendant Paquette to allow Plaintiff Beth Tidwell to remain with Plaintiff M.F.T., describing the minor child's demeanor and state of mind.

50.

Defendant Paquette ignored the statements of Officer Greiner and again ordered Plaintiff Beth Tidwell to the rear of the vehicle.

51.

Officer Greiner then told Plaintiff Beth Tidwell to take Plaintiff M.F.T. to the rear of the vehicle with her, and she removed her child from the vehicle and took her to the rear of the vehicle.

52.

Defendant Paquette informed Plaintiff Beth Tidwell that Plaintiff Lora Logue was going to jail for violating a TPO (Temporary Protective Order).

53.

Plaintiff Beth Tidwell told Defendant Paquette that the Plaintiffs had not gone into any area which would be a violation of the Temporary Protective Order that had been issued against Plaintiff Lora Logue.

54.

Plaintiff Beth Tidwell told Defendant Paquette that Plaintiff Lora Logue had numerous medical problems including that she was a diabetic and a heart patient and takes a "good bit" of medication for her illnesses.

55.

Despite the foregoing statements by Plaintiff Beth Tidwell, Defendant Paquette informed Defendant Beth Tidwell that Plaintiff Lora Logue was going to jail.

56.

Plaintiff Beth Tidwell then told Defendant Paquette that Plaintiff Lora Logue had an appointment with her cardiologist early the following morning.

57.

In response to the statement by Plaintiff Beth Tidwell set forth in the immediately preceding paragraph, Defendant Paquette replied, "She won't make it."

58.

While Defendant Paquette was talking to Plaintiff Beth Tidwell, Plaintiff Lora Logue was in the rear seat of the Wadley Police Department patrol car which had its windows up and air conditioner off.

59.

Plaintiff Lora Logue in the extreme heat inside the patrol car was sweating profusely and felt as if she were going to "pass out."

60.

During this time, Defendant Alan Logue radioed instructions for Defendant Paquette to

place a cell phone call to Defendant Alan Logue.

61.

Defendant Paquette thereafter made a cell phone call.

62.

Defendant Paquette also had a conversation with Defendant Bruce Logue on the sidewalk near the patrol car in which Plaintiff Lora Logue was located.

63.

Defendant Paquette told Plaintiff Beth Tidwell that she was "free to go" and that she could retrieve Plaintiff Lora Logue's medications and take them to the Jefferson County Jail.

64.

As Plaintiff Beth Tidwell was leaving in the vehicle with M.F.T., she drove by Defendant Lewis (who had arrived after the initial stop of the vehicle by Defendant Shealy), and Defendant Lewis uttered something about "aggravated stalking."

65.

As Plaintiff Beth Tidwell was leaving in the vehicle with M.F.T., she noticed that Defendant Alan Logue was then present.

66.

Defendant Paquette went over to the patrol vehicle into which he had placed Plaintiff Lora Logue and told her that they were going to put her into another car because it was "hot as hell" in the car in which she was sitting.

67.

Plaintiff Lora Logue is a diabetic, a fact known to her husband, Defendant Alan Logue, and further made known to the Defendant Paquette by Plaintiff Beth Tidwell as set forth above.

68.

Plaintiff Lora Logue is a heart patient, a fact known to her husband, Defendant Alan Logue, and further made known to the Defendant Paquette by Plaintiff Beth Tidwell as set forth

above.

69.

When Plaintiff Lora Logue got out of the sweltering heat in the patrol car in which she had been placed by Defendant Paquette, she could hardly stand and was swaying on her feet, about to pass out.

70.

Officer Greiner grabbed Plaintiff Lora Logue by her arm in an effort to steady her.

71.

Plaintiff Lora Logue was transported to the Jefferson County Jail.

72.

At the Jefferson County Jail, Plaintiff Lora Logue was placed in a cell, and she told the jailer that she needed her medications when they arrived.

73.

After Plaintiff Lora Logue had been in the jail cell for some time, her heart began to pound, and she began to feel sicker.

74.

Plaintiff Lora Logue then knocked on the window to gain the attention of the staff, and a female jailer came to see her.

75.

Plaintiff Lora Logue told the female jailer she felt sick and that her heart was pounding and asked if her medications had arrived.

76.

After the female jailer responded that the medication had not arrived, Plaintiff Lora Logue tried to relax, but as additional time passed, she felt worse.

77.

Plaintiff Lora Logue again knocked on the window, and a male jailer yelled that he would

be there in a minute but never came.

78.

Plaintiff Lora Logue then began to vomit and sat down on the floor with a blanket wrapped around her.

79.

Plaintiff Lora Logue vomited so much she developed "dry heaves."

80.

The female jailer came to the cell and informed Plaintiff Lora Logue that her medications had arrived.

81.

Plaintiff Lora Logue was having chest pains at that time, but there was no nitroglycerine in her medications.

82.

Plaintiff Lora Logue again began to vomit and was leaned back over the toilet.

83.

After some time, Deputy Schmidt came to the window and asked if Plaintiff Lora Logue was "okay."

84.

Plaintiff Lora Logue responded that she was not and that she guessed she was going to die in that jail.

85.

Plaintiff Lora Logue was denied adequate medical treatment despite her repeated requests and despite the fact that the Defendants knew of her medical conditions.

86.

Some time later, Defendant Gibbons, after being called two previous times by the jail staff and being told in those calls that Plaintiff Lora Logue needed to get medical help, finally

came to the jail after being called a third time. Defendant Gibbons reluctantly authorized the jail staff to transport Plaintiff Lora Logue to the emergency room.

87.

Plaintiff Lora Logue slowly got up and was unsteady on her feet.

88.

Plaintiff Lora Logue was very weak and shaking.

89.

The jail staff offered no assistance to Plaintiff Lora Logue in her effort to stand up and walk.

90.

Leg shackles were placed on Plaintiff Lora Logue.

91.

Plaintiff Lora Logue was placed in a Jefferson County Sheriff's Department vehicle and transported to the Jefferson County Hospital Emergency Room by Jefferson County Jailer Aaron Marsh.

92.

After Plaintiff Beth Tidwell went to the Jefferson County Jail to take Plaintiff Lora Logue's medications there, Defendant Paquette informed her (Plaintiff Beth Tidwell) that he had a warrant for her arrest.

93.

Jefferson County Deputy Sheriff Frankie Lampp escorted Plaintiff Beth Tidwell, who was crying, to a desk.

94.

While Plaintiff Beth Tidwell was speaking with Deputy Lampp, Defendant Paquette interrupted the conversation and was very rude and unprofessional.

95.

Plaintiff Beth Tidwell was ordered to undress completely and shower with an antibacterial soap.

96.

While totally nude, Plaintiff Beth Tidwell was ordered to squat with her feet wider apart than her shoulders and cough three times.

97.

Plaintiff Beth Tidwell was then furnished a 6XL jail jumpsuit to wear, and when she emerged wearing the obviously too large garment, Jefferson County Jailer Casey laughed and then had another jumpsuit brought to Plaintiff Beth Tidwell.

98.

When Plaintiff Beth Tidwell was taken before the magistrate for her initial appearance hearing, the warrant upon which her incarceration was based had not been signed by the affiant, Defendant Paquette.

99.

Plaintiff Lora Logue's medical condition had deteriorated to the extent that the Jefferson County Emergency Room physician called her cardiologist.

100.

Plaintiff Lora Logue was then transported to University Hospital Cardiac Care Unit by ambulance and Emergency Medical Care personnel, during which time she was still wearing leg shackles.

101.

Two Jefferson County Jailers accompanied Plaintiff Lora Logue to University Hospital, one of whom was Defendant John Doe.

102.

Defendant John Doe invaded the privacy of Plaintiff Lora Logue while medical personnel

were performing procedures, including watching while a nurse prepared an area of her body for cardiac catheterization.

103.

The female jailer did not want to take the metal leg shackles off Plaintiff Lora Logue despite the nurses' request to remove them so that they would not interfere with any efforts to treat cardiac arythmia should that condition occur.

104.

Defendant John Doe again invaded the privacy of Plaintiff Lora Logue by observing the medical personnel's prep of Plaintiff Lora Logue for medical procedures when her groin and genital area was exposed.

105.

The male jailer continued to violated the privacy of Plaintiff Lora Logue in the manner set forth in the paragraph immediately above until a nurse told him to go to the waiting room.

106.

No Defendant had any legal authority to pursue the Plaintiffs on September 14, 2009.

107.

Neither the Defendants nor any other law enforcement officer in Wadley, Georgia or Jefferson County, Georgia had any legal authority to pursue the Plaintiffs on September 14, 2009.

108.

No Defendant had any legal authority to stop the vehicle being driven by Plaintiff Lora Logue on September 14, 2009.

109.

No other law enforcement officer in Wadley, Georgia or Jefferson County, Georgia had any legal authority to stop the vehicle being driven by Plaintiff Lora Logue on September 14, 2009.

110.

Defendants Alan Logue, Bruce Logue, and Shealy violated the policies of the City of Wadley, Georgia, and of the Sheriff's Department of Jefferson County in pursuing the Plaintiffs for purely personal reasons.

111.

Defendants Alan Logue, Bruce Logue, and Shealy violated the policies of the City of Wadley, Georgia, and of the Sheriff's Department of Jefferson County in pursuing the Plaintiffs without legal authority of any kind.

112.

Defendants Alan Logue, Bruce Logue, and Shealy violated the Plaintiffs' rights in initiating pursuit under these facts.

113.

At the time Alan Logue, Bruce Logue, and Shealy initiated the pursuit of the Plaintiffs, Defendants had no basis under the rules, regulation, procedures and practices of the City of Wadley, Georgia, Jefferson County, or the Sheriff's Department of Jefferson County for initiating a pursuit of the Plaintiffs.

114.

At the time the individual Defendants began pursuit of the Plaintiffs, they did not have reasonable grounds to believe the Plaintiffs were a clear and immediate threat to the public or to any particular member of the public.

115.

At the time the Individual Defendants began pursuit of the Plaintiffs, they did not have reasonable grounds to believe the Plaintiffs had committed or were attempting to commit a felony.

116.

At the time the Individual Defendants began pursuit of the Plaintiffs, they did not have

reasonable grounds to believe the Plaintiffs had committed any crime.

117.

At the time the Individual Defendants initiated pursuit of the Plaintiffs, they did not have the permission of the shift supervising officer to do so.

118.

At no time did the Individual Defendants obtain permission of his shift supervising officer to initiate or continue pursuit of the Plaintiffs.

119.

The Individual Defendants pursuit of the Plaintiffs was not reasonable under the facts and circumstances of this case.

120.

The individual law enforcement officers acquiesced in Defendants Alan Logue's and Bruce Logue's demands and instructions, such demands and instructions were motivated by personal reasons not enforcement of the laws.

121.

Plaintiff Lora Logue suffered serious injury as a result of the unlawful arrest and detention.

122.

Plaintiff Lora Logue's life was placed in grave danger by the actions of the unlawful arrest and detention and failure to provide prompt and necessary medical care.

123.

When it became apparent that Plaintiff Lora Logue was in grave danger and was receiving costly medical treatment, Defendants sought to avoid the costs of such medical treatment incurred as a result of this incident (1) by having Plaintiff Lora Logue "sign herself out" on an "own recognizance" bond while in the hospital and while she was sedated with medication and (2) informing the hospital staff that "they" (Defendant Jefferson County) would not be

responsible for paying the bills for medical treatment of Plaintiff Lora Logue.

124.

Defendants' actions violated the policies and procedures of the Jefferson County Sheriff's Department and the City of Wadley, Georgia Police Department.

125.

Defendants' actions were neither authorized nor privileged.

126.

Defendants' caused unauthorized physical and offensive contact with the Plaintiffs Lora Logue and Beth Tidwell.

127.

Defendants unlawfully detained Plaintiffs without legal authority and without valid warrants.

128.

Defendants' conduct was intentional and malicious.

129.

Defendants acted in a reckless manner.

130.

Defendants' conduct was extreme and outrageous.

131.

Defendants' conduct caused all three Plaintiffs severe emotional harm.

132.

The emotional harm and suffering of the Plaintiffs were proximately caused by the conduct of the Defendants.

133.

The physical harm and suffering and injuries of Plaintiff Lora Logue were proximately caused by the conduct of the Defendants.

134.

The actions of the Defendants deprived Plaintiffs Lora Logue and Beth Tidwell of liberty and property without due process of law as guaranteed by the Constitutions of the United States and the state of Georgia.

135.

The actions of the Defendants deprived Plaintiffs Beth Tidwell and Lora Logue of equal protection of the laws as guaranteed by the Constitutions of the United States and the state of Georgia.

136.

Upon information and belief, Plaintiffs show that Defendants and other officers conspired to and did act in a manner designed to cover up, conceal and hide the true facts and the actions of Defendants and others and did conspire to impede, hinder, obstruct and defeat the due cause of justice with the intent to injure the Plaintiffs and to deny and deprive the Plaintiffs of equal protection and due process of law.

137.

The conduct of the individual Defendants in this case violated clearly established rights including, but not limited to, clearly established policies of the City of Wadley, Georgia, Jefferson County Sheriff's Department, Jefferson County and the laws of the State of Georgia and Federal law.

138.

As a result of the acts set forth herein, Plaintiff Lora Logue has incurred medical expenses, suffered a loss of earnings, endured pain and suffering and suffered other general damages.

139.

The medical expenses, general and special damages and other complications suffered by Plaintiff Lora Logue were the direct and proximate result of the acts and omissions of the

Defendants.

140.

All Plaintiffs suffered emotional distress, pain and suffering and other general damages as a direct and proximate result of the contact of the Defendants.

141.

In derogation of their duties and with deliberate indifference to their obligations to Plaintiffs' rights and to Plaintiffs' health and welfare, these Defendants proceeded with deliberate indifference to conceal and cover up the true facts and circumstances in this case.

142.

As the chief policy maker for the Sheriff's Department of Jefferson County, Defendant Hutchins engaged in the following acts which fostered an environment of lawlessness by Defendants, which resulted in damage to the Plaintiffs and which hindered the administration of justice:

1) In failing to provide adequate training to law enforcement and other department employees in connection with crimes, investigations, pursuits and the use of force;

2) In failing to properly supervise or correct misdeeds and misbehavior of individual Defendants, officers and employees;

3) In permitting law enforcement and other department employees to investigate and participate in activities and investigations without adequate training, experience or know how;

4) In allowing Defendants Alan Logue and Bruce Logue and other officials to utilize law enforcement other department employees for personal reasons related to valid law enforcement matters; and

5) In conspiring to and in cooperating in the environment in which Jefferson County, its elected officials and its representatives acted in disregard for existing laws and acted without authorization or authority.

6) In failing to provide adequate training and supervision to law enforcement officers and other department employees in connection with the medical needs of inmates and the right to privacy of inmates from unreasonable and arbitrary searches and while obtaining sensitive medical treatment procedures.

143.

As deputies with the Jefferson County Sheriff's Department, Defendants Gibbons and others engaged in the following acts which contributed to the violation of Plaintiffs' constitutional rights, which assisted in the injuries and damages to the Plaintiffs and which hindered the administration of justice:

1) In conspiring to and in cooperating in the incarceration of the Plaintiffs Lora Logue and Beth Tidwell;

2) In conspiring to and in cooperating in depriving Plaintiffs of their constitutional rights;

3) In conspiring to and in cooperating in the creation of an environment in which Jefferson County, its elected officials and its representatives acted in disregard for existing laws and rights;

4) In handling a private matter in a manner which is inconsistent with Georgia law and the policies, practices and procedures of law enforcement personnel;

5) In originally denying needed medical care and then unreasonably delaying needed medical care, in violating the privacy of a female inmate with a male jailer while she was receiving needed medical care, and in attempting to avoid payment for medical care made necessary by the acts of the Defendants.

6) In conspiring to and in cooperating with others in the making of false statements and in the concealment and cover-up of the actual circumstances involving Plaintiffs; and

7) In allowing Defendants Pacquett and Bruce Logue and Alan Logue to control their actions and conduct in violation of the policies and procedures of the Jefferson County Sheriff's Department and the laws of the State of Georgia and the United States.

144.

Defendant Jefferson County caused evidence to be concealed or destroyed and otherwise failed to perform its duties in a competent manner by engaging in the following actions and by allowing their agents, representatives and employees to engage in the following actions:

1) In failing to provide adequate training and supervision to Sheriff's Department representatives and employees in connection with handling, searching, housing, and managing arrested persons;

2) In permitting untrained and incompetent department employees to handle county jail facilities and arested persons;

3)      In failing to assign better trained persons to the jail and to handle arrested persons;

4)      In conspiring to and in cooperating in the environment in which Jefferson County, its elected officials and its employees and representatives acted in disregard for existing laws and acted without authorization or authority;

5)      In failing to have adequate procedures for hiring, training and supervising department representatives and employees, in failing to have proper policies and customs for handling arrested persons, including persons in need of immediate treatment or medical care; and,

6)      In allowing the Fire Chief of Wadley, Georgia, and the Fire Marshall to control the Sheriff's Department employees, utilize Sheriff's Department employees for purely personal reasons and in not having appropriate command and control procedures in force.

### 145.

As the chief policy maker for the Police Department of Wadley, Georgia, Defendant Lewis engaged in the following acts which fostered an environment of lawlessness by Defendants, which resulted in damage to the Plaintiffs and which hindered the administration of justice:

1)      In failing to provide adequate training to law enforcement and other department employees in connection with crimes, investigations, pursuits and the use of force;

2)      In failing to properly supervise or correct misdeeds and misbehavior of individual Defendants, officers and employees;

3)      In failing to investigate the prior law enforcement background of law enforcement officers prior to hiring them for service in Wadley, Georgia, and permitting law enforcement and other department employees to investigate and participate in activities and investigations without adequate training, experience or know how;

4)      In allowing Defendants Bruce Logue and Alan Logue and other officials to utilize law enforcement other department employees for personal reasons related to valid law enforcement matters; and

5)      In conspiring to and in cooperating in the environment in which the City of Wadley, Georgia, its elected officials and its representatives acted in disregard for existing laws and acted without authorization or authority.

146.

As an officer with the City of Wadley, Georgia, Defendant Pacquette and others engaged

in the following acts which contributed to the violation of Plaintiffs' constitutional rights, which

assisted in the injuries and damages to the Plaintiffs and which hindered the administration of

justice:

1)   In conspiring to and in cooperating in the pursuit, seizure, assault and restraint of
     the Plaintiffs;

2)   In conspiring to and in cooperating in depriving Plaintiffs of their constitutional
     rights;

3)   In conspiring to and in cooperating in the creation of an environment in which
     the City of Wadley, Georgia, its elected officials and its representatives acted in
     disregard for existing laws and rights;

4)   In handling a private matter in a manner which is inconsistent with Georgia law
     and the policies, practices and procedures of law enforcement personnel;

5)   In initiating a pursuit and a seizure of the Plaintiffs without probable cause or
     justification in violation of the policies, procedures and customs of the City
     Police Department of Wadley, Georgia and the laws of the State of Georgia and
     the United States.

6)   In conspiring to and in cooperating with others in the making of false statements
     and in the concealment and cover-up of the actual circumstances involving
     Plaintiffs; and

7)   In allowing Defendants Bruce Logue and Alan Logue to control their actions and
     conduct in violation of the policies and procedures of the City of Louisville,
     Georgia and the laws of the State of Georgia and the United States.

147.

Defendant Wadley, Georgia caused evidence to be concealed or destroyed and otherwise

failed to perform its duties in a competent manner by engaging in the following actions and by

allowing their agents, representatives and employees to engage in the following actions:

1)   In failing to provide adequate training and supervision to Police Department
     representatives and employees in connection with traffic patrols, pursuits,
     seizures and the use of force;

2)   In permitting untrained and incompetent department employees to investigate
     and participate in investigations of improper action or conduct, including, but not
     limited to, investigation of improper pursuit or improper or illegal use of force;

3) In failing to assign better trained persons to the misconduct investigations;

4) In conspiring to and in cooperating in the environment in which the City of Wadley, Georgia, its elected officials and its employees and representatives acted in disregard for existing laws and acted without authorization or authority;

5) In failing to have adequate procedures for hiring, training and supervising department representatives and employees, in failing to have proper policies and customs for preventing unsafe and dangerous pursuits involving non-dangerous persons and in failing to have adequate customs, policies and procedures for when, where and how to utilize force and deadly force; and

6) In allowing the Fire Chief and Fire Marshall to control the Police Department employees, utilize Police Department employees for purely personal reasons and in not having appropriate command and control procedures in force.

148.

The actions of the various Defendants in this case violated the clearly established and well settled Federal constitutional rights of Plaintiffs Lora Logue and Beth Tidwell to be free from unreasonable seizure of his person and to be free from the use of excessive, unreasonable and unjustified force against them.

149.

Prior to the complete investigation of the incident and the gathering and evaluation of all highly relevant evidence, the Defendants and others fabricated a justification for the incident.

150.

Prior to the investigation of the incident and the gathering and evaluation of highly relevant evidence, the Defendants and others conspired to and did act in a manner intended to create evidence of fault on the part of Plaintiffs.

151.

At all times, these Defendants were acting within the authority delegated them as representatives of the City of Wadley, Georgia and the Jefferson County Sheriff's Department, were acting within the scope of that authority, and were using the authority of their positions to carry out the unlawful and deliberately indifferent acts alleged in this complaint.

152.

Jefferson County, by and through its elected officials, have condoned, authorized and ratified all such improper and illegal actions of the Defendants and have condoned a custom and practice of conduct that encouraged the abuse of authority by representatives and employees of the Sheriff's Department, including, but not limited to, persons or parties who are unknown, undiscovered or unnamed in this action. Jefferson County knew or should have known that such conduct was a violation of existing laws, practices and polices. As a result of these and other actions of the Defendants, Jefferson County is liable to the Plaintiffs. Further, these authorities were previously notified of these customs and practices and did nothing to change these behaviors.

153.

The City of Wadley, Georgia, by and through its elected officials, have condoned, authorized and ratified all such improper and illegal actions of the Defendants and have condoned a custom and practice of conduct that encouraged the abuse of authority by representatives and employees of the Police Department, including, but not limited to, persons or parties who are unknown, undiscovered or unnamed in this action. The City of Wadley, Georgia knew or should have known that such conduct was a violation of existing laws, practices and polices. As a result of these and other actions of the Defendants, the City of Wadley, Georgia is liable to the Plaintiffs. Further, these authorities were previously notified of these customs and practices and did nothing to change these behaviors.

154.

The Defendants knew or in the exercise of ordinary diligence should have known that their conduct was inconsistent with existing standards, practices, procedures, and legal requirements.

155.

Prior to the institution of this action, Plaintiffs caused to be served upon the City of

Wadley, Georgia and Jefferson County and its representatives various notices informing these Defendants of the claims against them. Copies of said notices are attached hereto as and incorporated herein as "**Exhibit A-1 and A-2".**

156.

By the actions described above, Defendants deprived the Plaintiffs Lora Logue and Beth Tidwell of the rights to liberty, due process of law, and equal protection of the laws of Georgia and the United States.

157.

The conduct of the Defendants was either malicious or for the purpose of causing harm, or was done recklessly and with clear disregard for the rights of the Plaintiffs.

158.

The conduct of the Defendants as alleged above, were carried out by virtue of a custom and practice of deliberate indifference permitted, condoned and ratified by the governing body of Jefferson County and the City of Wadley, Georgia.

159.

These Defendants are liable to the Plaintiffs for the deprivation of the Plaintiffs' constitutionally protected liberty interests, in such amounts as the jury determines to be just and appropriate to compensate for their losses.

160.

The Defendants, either intentionally or with deliberate indifference, acted in a manner which deprived Plaintiffs of their rights, caused physical injury to Plaintiff Lora Logue, caused emotional harm and damage to M.F.T., Lora Logue, and Beth Tidwell.

161.

The Defendants' conduct was reckless and intentional, it was extreme and outrageous, and it resulted in severe emotional distress, on account of which, and for other just cause, Plaintiffs seek recovery of their damages.

162.

The conduct of the Defendants amounted to willful misconduct, malice, wantonness, oppression, or that entire want of care which raises a presumption of a conscious indifference to the consequences. Accordingly, Plaintiffs are entitled to recover from these Defendants, jointly and severally, an award of punitive damages in such an amount as the jury determines to be appropriate to deter these Defendants from repeating their unlawful conduct, or to punish them.

163.

The foregoing acts of the Defendants evidence stubborn litigiousness and bad faith, and have caused the Plaintiffs unnecessary trouble and expenses such that Plaintiffs are entitled to recover their necessary expenses of litigation, including an award or reasonable attorney's fees under the law of Georgia, as well as under federal law, including, but not limited to, 42 USC §1988.

164.

Plaintiffs are entitled to recover pre-judgment interest.

165.

Plaintiffs are entitled to recover post-judgment interest on any verdict rendered in this case as provided by law.

**WHEREFORE,** Plaintiffs demand the following relief:

1)   That Plaintiffs have and recover judgment in compensatory damages against the Defendants, and each of them, jointly and severally, in such an amount as the jury in this case determines to be appropriate to compensate them for the deprivation of Plaintiffs' rights, which rights are protected by the Constitutions of the State of Georgia and the United States;

2)   That Plaintiffs have and recover an award of compensatory damages against these Defendants, jointly and severally, for any violations of the law of Georgia;

3)   That Plaintiffs have and recover an award of punitive damages against each Defendant in such an amount as the jury in this case determines to be appropriate to deter or punish each such Defendant for having engaged in such a willful and deliberate deprivation of the constitutional rights of Plaintiffs.

4)   That Plaintiffs have and recover their costs of this action, including attorney's fees as provided by 42 U.S.C. § 1988, and the law of Georgia;

5)   That Plaintiffs have a jury trial by a 12 member panel of his peers as to all issues in this case to which the right to trial by jury is afforded; and

6)   That Plaintiffs recover pre-judgment and post-judgment interest as provided by law; and

7)   That Plaintiffs have and recover such other and further relief as this Court may deem appropriate.

_____

JOHN C. SPURLIN
Ga. State Bar No. 673230

_____

GARY C. McCORVEY
Ga. State Bar No. 485825

_____

WILLIAM DOW BONDS
Ga. State Bar No. 066660

224 North Central Avenue
Post Office Box 7566
Tifton, Georgia 31793
(229) 391-9106